

# Fourth Court of Appeals
## San Antonio, Texas

August 21, 2018

No. 04-18-00550-CR

Vincent **CAUDILLO JR**.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6227W
Honorable Frank J. Castro, Judge Presiding

# O R D E R

Appellant, Vincent Caudillo Jr., entered into a plea bargain with the State, and pled nolo contendere to the charged offense. As part of the plea bargain, Caudillo waived his right to appeal. The trial court found Caudillo guilty, imposed sentence in accordance with the agreement, and noted on the judgment that appeal was "denied." The trial court also signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Caudillo filed a motion to amend the trial court's certification of right to appeal and filed a timely notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and the written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). The record does not contain a ruling on Caudillo's motion to amend the trial court's certification. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also reflects that Caudillo waived his limited right to appeal and the trial court denied permission to appeal. The record thus appears to support the trial court's certification that Caudillo does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless the trial court's written permission to appeal and an amended certification showing that Caudillo has the right to appeal are made part of the appellate record by **September 11, 2018**. *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of August, 2018.

_____
Keith E. Hottle
Clerk of Court